Nancy Zhang (SBN 294675)
Joseph Liu (SBN 256956)
**CONSUMER LAW EXPERTS, PC**
800 Parkview Dr. N
El Segundo, CA 90245
Telephone: (310) 442-1410
Fax: (877) 566-8828
nancy@nolemon.com
joe@nolemon.com
service@nolemon.com

Attorneys for Plaintiff,
FU LAN CHANG

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FU LAN CHANG, an individual,<br>Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC; CALIBER MOTORS INC.; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.: 8:25-cv-00630 JVS (KESx)<br><br>Assigned to: Hon. James V. Selna<br><br>UNLIMITED JURISDICTION<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE COURT AND DEFENDANTS HEREIN:**

COMES NOW Plaintiff FU LAN CHANG, an individual, (hereinafter referred to as "Plaintiff"), for causes of action against Defendants, MERCEDES-BENZ USA, LLC ("Manufacturer" or "MBUSA"); CALIBER MOTORS INC. ("Dealership" or "CALIBER"); and DOES 1 through 50, inclusive, as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff, FU LAN CHANG.

2. Plaintiff, is, and at all times mentioned herein was, a resident of the County of Los Angeles, State of California.

3. As used in this Complaint, the word "Defendant(s)" shall refer to all Defendants MERCEDES-BENZ USA, LLC; CALIBER MOTORS INC.; and DOES 1 through 50 named in this Complaint.

4. Defendant MBUSA is, and at all times mentioned herein was, a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in the State of California. Defendant MBUSA is, and at all times mentioned herein was, engaged in the design, manufacture, construction, assembly, marketing, sale, and distribution of automobiles, motor vehicles and other related components and services in Orange County.

5. Defendant CALIBER doing business as Mercedes-Benz of Anaheim is, and at all times mentioned herein was, a limited liability company located in Anaheim, California that is engaged in the sale of motor vehicles and related equipment and services and authorized to do business in the State of California, including Orange County.

6. Plaintiff is ignorant of the true names and/or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 50,

inclusive, and each of them. Plaintiff will amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

7. On or about April 23, 2023, in exchange for valuable consideration, Plaintiff leased a 2023 Mercedes-Benz GLC-Class (hereinafter "Vehicle") from Defendant CALIBER, manufactured and/or distributed by Defendant MBUSA, with corresponding Vehicle Identification Number W1NKM4HB1PU016486.

8. The total payments due under the lease agreement, including sales tax, registration charges, document fees and other collateral charges, such as finance charges, totaled approximately $39,192.40.

9. Plaintiff leased the Vehicle primarily for personal, family, or household purposes.

10. Plaintiff leased the Vehicle from Defendant CALIBER, a company in the business of manufacturing, distributing, or selling consumer goods at retail.

11. In connection with the lease of the Vehicle, Plaintiff received an express written warranty in which Defendant MBUSA undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant MBUSA's representative and the Vehicle would be repaired.

12. After Plaintiff took possession of the Vehicle and during the warranty period, the Vehicle contained or developed defects, listed below, that substantially impair the use, safety, and/or value of the Vehicle.

///

13. During the warranty period, the Vehicle contained or developed defects, including, but not limited to the following:

a. Defective interiors;

b. Defective electrical system;

c. Defective engine;

d. Defective transmission system;

e. Defective ignition system; and

f. Any additional complaints made by Plaintiff, whether or not they are contained in the records or on any repair orders.

14. The defects listed above violate the express written warranties issued by Defendant MBUSA, as well as the implied warranty of merchantability.

15. Plaintiff provided Defendant MBUSA and its representatives in this state sufficient opportunity to service or repair the Vehicle.

16. Defendant MBUSA and its representatives in this state were unable and/or failed to service or repair the Vehicle within a reasonable number of attempts.

17. Said defects have substantially impaired the safety, use and/or value of the Vehicle.

18. Said defects could not have been discovered by Plaintiff prior to Plaintiff's acceptance of the Vehicle.

19. Plaintiff has been and will continue to be financially damaged due to all Defendants' failure to comply with the provisions of the express and implied warranties.

20. Plaintiff provided notice to Defendant MBUSA in compliance with Cal. Code of Civil Procedure Section 871.24.

21. Defendant MBUSA failed to comply with Cal. Code of Civil Procedure Section 871.24 sections (e)(1) (A) and (B).

**TOLLING OF THE STATUTES OF LIMITATION**

22. To the extent there are any statutes of limitation applicable to any of Plaintiff's claims, the running of the limitation periods to any such claims have been tolled pursuant to the tolling provisions of subdivision (c) of Section 1793.22 of the Civil Code, as applicable; for any period during which the subject motor vehicle was out of service by reason of repair for any nonconformity; and for the period following Plaintiff's pre-suit notice to the Defendant manufacturer in accordance with Code of Civil Procedure Section 871.24.

**FIRST CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT MBUSA ONLY**

**VIOLATION OF SUBDIVISION (d) OF CIVIL CODE SECTION 1793.2**

23. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 22, inclusive, of the General Allegations, above.

24. Plaintiff presented the Vehicle for repair to Defendant MBUSA and its representatives in this state for various defects that substantially impair the safety, use and/or value of the Vehicle.

25. Defendant MBUSA and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant MBUSA failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1794, subdivision (a).

26. Plaintiff has been damaged by Defendant MBUSA's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

27. Defendant MBUSA's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant MBUSA and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant MBUSA failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

28. Defendant MBUSA does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (e).

29. Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (e)(5).

## SECOND CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT MBUSA ONLY

## VIOLATION OF SUBDIVISION (b) OF CIVIL CODE SECTION 1793.2

30. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 29, inclusive, of the General Allegations, above.

31. Although Plaintiff presented the Vehicle to Defendant MBUSA's representative in this state, Defendant MBUSA and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

32. Plaintiff has been damaged by Manufacturer's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

33. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire lease price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

34. Defendant MBUSA's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant MBUSA and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## **THIRD CAUSE OF ACTION**

## **BY PLAINTIFF AGAINST DEFENDANT MBUSA ONLY**

## **VIOLATION OF SUBDIVISION (a)(3) OF CIVIL CODE SECTION 1793.2**

35. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 34, inclusive, of the General Allegations, above.

36. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant MBUSA failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiff has been damaged by Defendant

MBUSA's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

37. Defendant MBUSA's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant MBUSA knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant MBUSA failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT MBUSA ONLY**

**BREACH OF EXPRESS WRITTEN WARRANTY**

**CIVIL CODE SECTION 1791.2 SUBDIVISION (a); SECTION 1794**

38. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 37, inclusive, of the General Allegations, above.

39. In accordance with Defendant MBUSA's warranty, Plaintiff delivered the Vehicle to Defendant MBUSA's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant MBUSA and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

40. Plaintiff has been damaged by Defendant MBUSA's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

41. Defendant MBUSA's failure to comply with its obligations under the express warranty was willful, in that Defendant MBUSA and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST ALL DEFENDANTS**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**CIVIL CODE SECTION 1791.1; SECTION 1794**

42. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 41, inclusive, of the General Allegations, above.

43. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant MBUSA’s and Defendant CALIBER’s implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant MBUSA and Defendant CALIBER, except that the duration is not to exceed one-year.

44. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

45. On or about April 23, 2023, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these

defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

46. Plaintiff has been damaged by Defendant MBUSA's and Defendant CALIBER's failure to comply with their obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT CALIBER AND DOES 1-50

## NEGLIGENT REPAIR

47. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 46, inclusive, of the General Allegations, above.

48. Plaintiff delivered the Vehicle to Defendant CALIBER and DOES 1 through 50 for repair on numerous occasions.

49. Defendant CALIBER and DOES 1 through 50 owed a duty to Plaintiff to use ordinary care and skill in storage, preparation, diagnosis, and/or repair of the Vehicle with industry standards.

50. Defendant CALIBER and DOES 1 through 50 failed to meet this duty of care by approving and overseeing the diagnosis, servicing, and/or repair of the Vehicle that did not occur with ordinary care and did not meet industry standards.

51. Plaintiff was harmed by Defendant CALIBER's and DOES 1 through 50's failure to properly diagnosis, service, and/or repair of the Vehicle in accordance with industry standards.

52. Defendant CALIBER's and DOES 1 through 50's negligent breach of their duties owed to Plaintiff was a proximate cause of Plaintiff's damages.

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendants as follows:

a. For Plaintiff's actual damages in the amount according to proof at trial;

b. For restitution;

c. For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

d. For any consequential and incidental damages;

e. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

f. For prejudgment interest at the legal rate; and

g. For such other relief as the Court may deem proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: April 2, 2025 CONSUMER LAW EXPERTS, PC

By: ______________________________
Nancy Zhang
Joseph Liu
Attorneys for Plaintiff,
FU LAN CHANG